IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW NOLAN, | ) | |
| Plaintiff, | ) | No. 12 CV 247 |
| V. | ) | Judge Amy St. Eve |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant | ) | |

**FIRST AMENDED COMPLAINT AT LAW**

NOW COMES the plaintiff, MATTHEW NOLAN, by his attorneys John M. Beal and Andrea E. Gambino, and for his Complaint against the defendant United States of America alleges as follows:

JURISDICTION

1. This action is brought under the Federal Tort Claims Act and this Court has jurisdiction under Title 28 U.S.C. §§1331, 1346, and 2671 et seq.

VENUE

2. Venue properly lies in the Northern District of Illinois under 28 U.S.C. §1391(e)(2) and (3), in that a substantial part of the events or omissions giving rise to this claim occurred in, and plaintiff is a resident of, the Northern District of Illinois.

3. Defendant United States of America has as one of its agencies the Federal Bureau of Prisons ("Bureau of Prisons"), a component of the United States Department of Justice. The United States Public Health Service ("Public Health Service") is also an agency of the United States of America. The negligent acts and omissions complained of below are alleged to have been committed while plaintiff Nolan was in the custody of the

1

Bureau of Prisons by employees of the Public Health Service and the Bureau of Prisons.

4. Dr. Paul Harvey ("Dr. Harvey") was a physician employed by the Public Health Service at the time of the events set forth below. On information and belief, at all material times, Dr. Harvey was a physician duly licensed to practice medicine in all of its branches at the Bureau of Prisons' Chicago Metropolitan Correctional Center ("MCC") located in Chicago, Illinois.

Dr. Jason Dana ("Dr. Dana") was a psychologist employed by the Bureau of Prisons at that time of the events set forth below. Among his duties was to provide mental health care for the inmates housed in the MCC Special Housing Unit ("SHU"). On information and belief, at all material times, Dr. Dana was a psychologist duly licensed to practice his profession at the Bureau of Prisons' Chicago Metropolitan Correctional Center located in Chicago, Illinois.

5. The Bureau of Prisons provided the health care facilities at the MCC, including treatment facilities, equipment, and supplies, and other personnel assisting with the inmates' health care.

6. Plaintiff Matthew Nolan is a resident of Chicago, Cook County, Illinois. At the time of the events set forth below he was an inmate in the MCC.

CAUSE OF ACTION

7. From February, 26, 2009, through August 6, 2010, plaintiff Nolan was housed in solitary confinement on the 11th floor of the MCC in the Special Housing Unit.

8. Dr. Harvey was the Chief Medical Officer at the MCC, also known as the Clinical Director, while plaintiff Nolan was at the MCC. As such, he was the physician in charge of plaintiff's health care while he was at the MCC and supervised other persons who assisted with

2

such care.  Previously, from approximately 2004 through 2006, Dr. Harvey served as Chief of Mental Health at the BOP's Federal Medical Center Devans in Massachusetts, supervising four to five psychiatrists.

Dr. Dana was the psychologist who provided psychological services for the inmates housed in the SHU during the period plaintiff Nolan was at the MCC.

9.  From February, 26, 2009, through August 6, 2010, Dr. Harvey, in his professional capacity, cared for, attended to, and treated plaintiff Nolan, and oversaw the treatment of plaintiff Nolan by others, generally and, more specifically, for:

a.  a staph infection and obstruction in Mr. Nolan's right ear;

b.  regrowth of an actinic keratosis lesion in the middle of Mr. Nolan's chest and related post-surgical complications;

c.  skin lesions on his right arm and a malignant neo of skin of upper limb, including shoulder;

d.  several skin disorders, including rashes on Mr. Nolan's legs and genital region, that developed because Dr. Harvey ignored the institutional environment and conditions that both caused and exacerbated these conditions;

e.  a swollen knee, leg abrasion, and bleeding ankles;

f.  anxiety, depression, attention deficit disorder, and post-traumatic stress disorder; and,

g.  the psychological and psychiatric effects of extended solitary confinement.

10.  As stated above, the MCC had one or more psychologists employed at the MCC,

3

including Dr. Dana, and the MCC had a psychiatrist available, while plaintiff Nolan was incarcerated at the MCC. However, neither any psychologist nor any psychiatrist performed any diagnostic mental health tests on plaintiff Nolan, nor provided plaintiff Nolan with any treatment for: 1) the anxiety, depression, attention deficit disorder, and post-traumatic stress disorder that he developed, or 2) for the psychological and psychiatric effects of extended solitary confinement, as set forth in subparagraphs f and g of the foregoing paragrph.

11. After assuming the health care treatment of plaintiff Nolan, Dr. Harvey failed to provide the knowledge, skill and care which a reasonably well-qualified physician would bring to a case similar to plaintiff Nolan's with respect to the conditions set forth above. Dr. Harvey thereby: 1) carelessly, negligently, improperly, and unskillfully attended to and treated plaintiff Nolan; 2) carelessly, negligently, improperly, and unskillfully oversaw the treatment of plaintiff Nolan by others; and 3) carelessly, negligently, improperly, and unskillfully referred, or failed to refer, plaintiff Nolan to other medical or mental health professionals for treatment. No other medical or mental health professionals, including Dr. Dana, provided plaintiff Nolan, while he was incarcerated at the MCC, with any diagnostic tests or treatment for: 1) the anxiety, depression, attention deficit disorder, and post-traumatic stress disorder that he developed, or 2) for the psychological and psychiatric effects of extended solitary confinement, as set forth in subparagraphs f and g of paragraph 9, above.

12. Dr. Harvey, the MCC Chief Medical Officer, therefore negligently breached the standard of care that he owed to plaintiff Nolan.

13. As a direct and proximate result of one or more of the foregoing wrongful acts of

Dr. Harvey, and others including Dr. Dana, plaintiff Nolan suffered physical, psychological, and psychiatric injury.

14.   As a result of the physical, psychological and psychiatric injury, plaintiff Nolan further suffered pain and suffering, mental and emotional distress, hedonic damages, subsequent medical expenses, and sever impairment of future employment opportunities.

15.  In February, 2011, plaintiff Nolan filed an administrative claim for this matter with the Bureau of Prisons, which claim was finally denied by Bureau of Prisons Regional Counsel John Shaw by letter dated August 13, 2011.

WHEREFORE, Plaintiff Matthew Nolan prays that this Court:

A.  Find that the defendant United States is liable for the wrongful actions set forth above;

B.   Enter a judgment in plaintiff's favor and against the defendant United States, and award plaintiff:

i.   Compensatory damages as shall be proven at trial;

ii.  Plaintiff's costs herein; and

iii. Such further relief as the Court deems just and proper.

S/ John M. Beal
Attorney for  Plaintiff

John M. Beal
Attorney at Law
53 W. Jackson Blvd., Suite 1615
Chicago, IL 60604
(312) 408-2766

Andrea E. Gambino
Attorney at Law
53 W. Jackson Blvd., Suite 224
Chicago, IL 60604
(312) 322-0014